**O**

1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**
8                   **CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10   STAR FABRICS, INC., | Case No. 2:13-cv-07293-ODW(VBKx) |
| 11             Plaintiff, | **ORDER GRANTING IN PART AND** |
|        v. | **DENYING IN PART MOTIONS FOR** |
| 12 | **DEFAULT JUDGMENT [18], [19],** |
|   DKJY, INC.; TOUCH ME FASHION, | **[24]** |
| 13   INC.; MJC CONNECTION, INC.; DOES | |
|   1–10, inclusive, | |
| 14 | |
|              Defendants. | |
| 15 | |

16                   **I.   INTRODUCTION**

17        Plaintiff Star Fabrics, Inc. has amassed a collection of fabric-pattern copyrights,

18 including United States Copyrights for its 40614, 61619, 61967, and 63390 patterns.

19 After discovering potentially infringing products, Star Fabrics filed suit against

20 Defendants DKJY, Inc.; Touch Me Fashion, Inc.; and MJC Connection, Inc. alleging

21 direct, vicarious, and contributory copyright infringement.   Defendants never

22 answered or otherwise responded to the Complaint, and the Clerk of Court entered

23 default.   Star Fabrics then moved for entry of default judgment against Defendants.

24 After considering Star Fabrics's allegations and supporting evidence, the Court

25 **GRANTS IN PART** and **DENIES IN PART** the Motions for Default Judgment.[1]

26 (ECF Nos. 18, 19, 24.)

27

28     [1] After carefully considering the papers filed with respect to these Motions, the Court deems the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

Star Fabrics is a California corporation and textile converter that has compiled a library of copyrighted textile patterns.  (Haroni Decl. ¶¶ 3–4.[2])  Star Fabrics owns various fabric patterns including patterns titled 40614, 61619, 61967, and 63390.  (*Id.* ¶¶ 7–10; Exs. 1–4.)  Star Fabrics received United States Copyright Office Certificates of Registration VA 1-783-837, VA 1-432-920, VA 1-710-792, and VA 1-707-908 for those patterns, respectively.  (*Id.* Exs. 1–4.)

Star Fabrics alleges that DKJY, Inc. is a California corporation doing business as "Closet Signature."  (Compl. ¶ 5.)  Plaintiff alleges that Touch Me Fashion is also a California corporation.  (*Id.* ¶¶ 6–7.)

Star Fabrics sampled and sold fabric bearing the 40614, 61619, 61967, and 63390 designs and then distributed these fabric patterns.  (*Id.* ¶¶ 13, 18, 23, 31.)  Star Fabrics alleges that Defendants thus had access to the designs through these samples, as well as through access to Plaintiff's showroom, design library, illegally distributed copies, and lawfully printed garments distributed to the public.  (*Id.* ¶ 33.)

Star Fabrics discovered that DKJY was selling garments Plaintiff alleges are unauthorized copies of 40614, 61619, 61967, and 63390.  (Haroni Decl. ¶ 11, Ex. 5.)  Plaintiff also contends that Touch Me Fashion was selling unauthorized copies of 63390 and 61967, respectively.  (*See* Compl. ¶¶ 34–35.)

On October 2, 2013, Star Fabrics filed suit against DKJY, MJC Connection,[3] and Touch Me Fashion alleging claims for direct, vicarious, and contributory infringement.  (ECF No. 1.)  Star Fabrics served Touch Me Fashion and MJC Connection on November 15, 2013, and DKJY on November 20, 2013.  (ECF Nos. 7–9.)  Since Defendants never answered or otherwise responded to the Complaint, the

---

[2] The Court's citations to the Haroni Declaration refer to the declaration submitted with the Motion docketed at entry 18.

[3] On January 7, 2014, Star Fabrics voluntarily dismissed its claims against MJC Connection without prejudice.  (ECF No. 29.)  The Court therefore **DENIES** the Motion for Default Judgment against MJC Connection **AS MOOT**.  (ECF No. 19.)

Clerk of Court entered default against Defendants.  (ECF Nos. 11, 13, 22.)  Star Fabrics then moved for entry of default judgment against all Defendants.  (ECF Nos. 18, 19, 24.)  Those Motions are now before the Court for decision.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a).  Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active servicemember; and (4) that the defaulting party was properly served with notice.

A district court has discretion whether to enter default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true.  *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors, including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### IV.   DISCUSSION

**A.   Notice**

Star Fabrics served DKJY with process on November 20, 2013, in the manner prescribed by California Code of Civil Procedure section 415.20.  That section provides that a summons may be served by leaving the summons at a party's office

1    with someone apparently in charge and thereafter mailing a copy of the summons via

2    first-class mail.  Star Fabrics's process server left the summons with DKJY's store

3    manager, Laura Reyes, on November 20, 2013, and then mailed a copy of the

4    summons on November 22, 2013.  (ECF No. 7.)

5           Star Fabrics also served Touch Me Fashion by leaving a copy with Jaina Lee, a

6    sales associate, on November 15, 2013, and thereafter mailing a copy of the summons

7    and complaint on November 19, 2013.  (ECF Nos. 8, 9.)

8           The Court therefore finds that Star Fabrics properly served DKJY and Touch

9    Me Fashion under California Code of Civil Procedure section 415.20.

10   **B.    *Eitel* factors**

11          Star Fabrics alleges that DKJY and Touch Me Fashion directly infringed

12   Plaintiff's registered copyrights in 40614, 61619, 61967, and 63390.  To state a

13   copyright-infringement claim, the plaintiff must allege "(1) ownership of a valid

14   copyright, and (2) copying of constituent elements of the work that are original."

15   *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co. Inc.*, 499 U.S. 340, 361 (1991).

16          Star Fabrics alleges that DKJY and Touch Me Fashion "created, sold,

17   manufactured, caused to be manufactured, imported and/or distributed fabric and/or

18   garments comprised of fabric featuring designs which are substantially similar to"

19   40614, 61619, 61967, and 63390; and 61967, respectively, without Plaintiff's

20   authorization.   (Compl. ¶¶ 14, 19, 24, 32.)   Star Fabrics further argues that a

21   comparison of the accused infringing items with the copyrighted designs reveals that

22   the elements, composition, colors, arrangement, layout, and appearance are

23   substantially similar.

24          The Court finds that Star Fabrics has a valid, registered copyright in 40614,

25   61619, 61967, and 63390.  First, a copyright registration is prima facie evidence of a

26   valid copyright.    17 U.S.C. § 411(b)(1).   Star Fabrics submitted its copyright

27   registrations for 40614, 61619, 61967, and 63390, which the United States Copyright

28   / / /

Office granted on July 21, 2011, October 11, 2011, March 4, 2009, and February 17, 2010, respectively.[4]  (Haroni Decl. ¶¶ 7–10.)

Second, 40614, 61619, 61967, and 63390 appear to portray copyrightable subject matter.  While clothes themselves are functional and thus not subject to copyright, fabric designs are considered "writings" and thus copyrightable under 17 U.S.C. § 102(a).  *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995).  Star Fabrics has not claimed a copyright in any particular garment or other functional item but rather in the designs' two-dimensional patterns.  Further, while Star Fabrics does not and cannot own a copyright in the designs' colors or geometric elements themselves, 37 C.F.R. § 202.1(a), it does have a copyright in the way its author has "selected, coordinated, and arranged" the colors, shapes, and other design elements.  *See Knitwaves*, 71 F.3d at 1004 (holding that a valid fabric copyright covers more than just the "specific pattern" of work).

When a plaintiff does not have direct evidence of copying, the plaintiff must establish both the defendant's access to the copyrighted work and substantial similarity between the registered and accused works.  *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006).  At this default-judgment stage, Star Fabrics's allegations that Defendants had access to 40614, 61619, 61967, and 63390 via several legitimate and illegal avenues suffice to establish the access element.  *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846–47 (9th Cir. 2012) (noting that the plaintiff must allege access either through a chain of events linking the two works or widespread dissemination of plaintiff's work); (Compl. ¶ 33).

In assessing substantial similarity, the Ninth Circuit employs a two-part test. *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).  The plaintiff must show a

/ / /

---

[4] Star Fabrics registered 61619 and 61967 together with other fabric patterns published on the same dates as single-work registrations.  *See* 37 C.F.R. § 202.3(b)(4)(i)(A) (allowing for single-work registrations if all copyrightable elements were included in a "single unit of publication").

1    substantial similarity of the work's "general ideas" under the extrinsic test and

2    substantial similarity of the "protectable expression" under the intrinsic test.  *Id.*

3         The extrinsic test entails "an objective comparison of specific expressive

4    elements."  *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).  A

5    court must consider various elements in determining whether a fabric pattern infringes

6    upon a registered design, including the subject matter, shapes, colors, materials, and

7    arrangement of the representations.  *L.A. Printex Indus.*, 676 F.3d at 849.

8         The alleged infringement must also satisfy the Ninth Circuit's intrinsic test.

9    This test gauges whether "the total concept and feel of the two works is substantially

10   similar" in the eyes of an ordinary, reasonable person.  *Berkic v. Crichton*, 761 F.2d

11   1289, 1292 (9th Cir. 1985).

12        *1.     40614*

13        Star Fabrics alleges that DKJY infringed the 40614 pattern.  Figure 1 is a

14   comparison of the copyrighted pattern and the allegedly infringing product.  The

15   copyrighted design includes a paisley pattern set among several rows of differing

16   patterns.  Star Fabrics does not and cannot own a copyright in the paisley design itself

17   but does have a copyright in how the paisley design is displayed and arranged vis-à-

18   vis the other design elements.  While the accused product features red flowers inside

19   the paisley pattern, the overall objective elements of the paisley row are substantially

20   similar to 40614, including the kidney-bean shape, blue border, and base.

21        The other rows of the accused pattern are also substantially similar to the

22   copyrighted design.  While the accused design has substituted blue flowers for red

23   ones in the rows above and below the paisley design, the shape, positioning, and

24   design detail of those rows are remarkably similar.  The smaller flowers in the field

25   above and below those rows are also a different color than the protected design.  But

26   "it is not necessary that [the accused] design be 'virtually identical' to infringe."  *L.A.*

27   *Printex Indus.*, 676 F.3d at 851 (noting that stylized fabric designs are entitled to

28   / / /

6

"broad" protection).    The accused product's objective elements are sufficiently comparable to 40614 to satisfy the extrinsic test.

**Figure 1**

**Copyrighted 40614 pattern**          **DKJY's accused product**

   

Viewing both patterns as a whole, the overall look and feel is also substantially similar.   A reasonable person viewing garments made of both designs side by side would note that, despite the minor color changes, the patterns are nearly the same—thus satisfying the Ninth Circuit's intrinsic test.

The Court therefore finds that Star Fabrics's allegations establish that DKJY infringed the valid copyright in 40614.

*2.    61619*

Star Fabrics also alleges that DKJY infringed the 61619 copyright.   This infringement claim presents a tougher call.   As with the previous pattern, the accused pattern here also features some minor color differences.[5]   *See* Figures 2, 3.   But

---

[5] There appears to be dramatic differences in the hues and saturation levels between the side-by-side comparison contained in the Motion and the full-page photographs of the two patterns attached to the Haroni Declaration.   *Compare* DKJY Mot. 6, *with* Haroni Decl. Exs. 2, 5.   The Court therefore assesses the identity between the patterns with these evidentiary weaknesses in mind.

comparing the portion of the pattern depicted in Figure 3, one can see that the accused pattern includes the same peacock-eye arrangement as the protected pattern.  Star Fabrics's pattern features a white peacock feather with a red eye in the top row with a row of blue and red peacock-feather eyes below that.  DKJY's accused pattern features the same layout with the same overall color scheme.  The peacock eyes in the copyrighted pattern are narrower than the ones in the accused pattern.  But virtual identity is not required to find copyright infringement.  *L.A. Printex Indus.*, 676 F.3d at 851.

Star Fabrics does not own a copyright in all peacock-eye patterns, as a peacock pattern is a naturally occurring element that is unprotectable under copyright law.  *See Satava v. Lowry*, 323 F.3d 805, 810 (9th Cir. 2003) (holding that there could be no copyright protection for a glass-in-glass jellyfish sculpture, because there was no originality in the naturally occurring elements).

**Figure 2**

**Copyrighted 61619 pattern**                    **DKJY's accused product**




///
///
///

**Figure 3[6]**

| **Copyrighted 61619 pattern** | **DKJY's accused product** |




But Star Fabrics does own a copyright in the particular way it has arranged the peacock-feather eyes and the other design elements. *See id.* at 811 ("[A] *combination of unprotectable elements* may qualify for copyright protection."). A comparison of the patterns in Figure 3 reveals that DKJY has nearly copied the arrangement of the peacock-feather eyes. A small blue eye sits amid a field created by four white ones—just as in the copyrighted 61619 design. The order of color rings in the eyes is also nearly identical. Viewing the accused pattern as a whole, the look and feel of the design is substantially similar to Star Fabrics's copyrighted pattern.

The Court thus finds that DKJY has infringed Star Fabrics's valid copyright in the 61619 pattern.

*3.    61967*

Star Fabrics next argues that DKJY and Touch Me Fashion infringed the 61967 pattern via the accused product located in Figure 4.[7] But a comparison of the objective

---

[6] The Court inverted the image of the copyrighted pattern in order to compare it to the accused design. Since Star Fabrics owns a copyright in the arrangement of its design, it does not matter whether one views the design from a particular direction; the arrangement remains the same.

design elements reveals that there is no substantial similarity between the objective, protectable elements of the two patterns.  The protected design includes yellow and gray flowers and gray and light blue circles set against a dark blue, light blue, and yellow dot-matrix background.  The accused product does not share these same objective elements.  It features gray cirlces set against an orchid, light gray, and dark gray variegated background.  The more muted, less-saturated colors in the accused pattern do not match the striking contrasts in the protected patterns.  The circles also do not form flowers; rather, they are simply clustered together in certain parts.

**Figure 4**



**Copyrighted 61967 pattern**                 **Accused product**



Neither would a reasonable person feel that these two patterns are substantially similar.  While the two patterns are not entirely contradistinct, their similarities are so minute that the accused pattern does not rise to the level of copyright infringement.

---

[7] It is also rather intriguing that Star Fabrics alleges that DKJY and Touch Me Fashion allegedly infringed 61968 via the same accused product without explaining the relationship, if any, between the two companies.  But since the Court finds that Star Fabrics has not established a prima facie case of copyright infringement, the Court need not press this issue further.

1    The Federal Rules' of Civil Procedure strong presumption in favor of decisions on the

2    merits also weighs heavily in favor of denying default judgment in this instance.

3          *4.     63390*

4          Star Fabrics lastly contends that DKJY infringed the 66390 pattern.    *See*

5    Figure 5.   But the Court again finds that the accused pattern is too dissimilar to the

6    protected design to constitute copyright infringement.   Star Fabrics's design features

7    purple, violet, and black undulating lines in a distorted chevron pattern.   White,

8    purple, and salmon dots are nested within the waves.   The accused pattern is largely

9    monochromatic with occasional spots of yellow coloring.   It does not share the same

10   hues—or pattern of repetition of hues—as the copyrighted design.

11         The only portion of the accused pattern that is similar to the copyrighted design

12   is the chevron design, including the "M" series of the wavelength.   But Star Fabrics

13   does not own a copyright in the chevron design itself—just the way that Star Fabrics

14   has represented that pattern in 63390.   *See Mazer v. Stein*, 347 U.S. 201, 217 (1954)

15   (noting that copyright "protection is given only to the expression of the idea—not the

16   idea itself[]").

17          A comparison of the designs in Figure 5 reveals that the protected design has

18   largely uniform wavelengths that become more frequent in the top and bottom rows.

19   The accused design mixes both high- and low-frequency wavelengths in the same row

20   of the chevron design.   DKJY has not copied the same manner in which Star Fabrics

21   chose to represent the chevron pattern.

22         A reasonable person assessing the entire look and feel of the two pieces also

23   would not label the accused pattern as substantially similar to the copyrighted design.

24   The colors, chevron pattern, and detail are too divergent to smack of copyright

25   infringement.   *See* Figure 5.

26   */ / /*

27   */ / /*

28   */ / /*

**Figure 5**

**Copyrighted 63390 pattern**

**Accused product**





In sum, the Court finds that DKJY infringed Star Fabrics's valid copyrights in the 40614 and 61617 patterns only.  The Court further finds that Star Fabrics has not established copyright infringement by Touch Me Fashion.

**C.    Statutory damages**

Without the aid of discovery, Star Fabrics requests statutory damages under the Copyright Act.  Under 17 U.S.C. § 504(c)(1), the court may award between $750 and $30,000.  In exercising its "wide discretion," the court must consider the nature of the copyright and the circumstances of the infringement.  *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 232 (1952); *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998).  An award of statutory damages serves both compensatory and punitive purposes.  *Id.*

Star Fabrics requests $20,000 in statutory damages per claim for DKJY's infringement of 40614 and 61617.   Star Fabrics argues that DKJY's refusal to participate in the litigation has made it impossible to determine the extent of DKJY's

/ / /

profits from the infringement.  Plaintiff also contends that a $20,000 per-claim award will also serve to deter other would-be infringers.

The Court is mindful that Star Fabrics is presented with a situation where it cannot adequately assess the extent of DKJY's infringement, including DKJY's total sales dollars and units sold of the accused pattern.  Star Fabrics also cannot establish the extent of the distribution network from which the clothing bearing the accused patterns originated.

Congress has set a spectrum of statutory damages from $750 to $30,000 upon which the Court must place DKJY's conduct while also considering compensatory and punitive goals.  It is likely impossible to place an exact dollar figure on each act of infringement, but the Court finds that DKJY's infringement falls toward the lower end of the spectrum—especially with respect to the 61619 pattern.  Bearing in mind the punitive goal of § 504, the Court adjusts the damage award slightly upward.  The Court accordingly awards Star Fabrics $3,000.00 and $1,500.00 in statutory damages for DKJY's infringement of 40614 and 61619, respectively.

**D.  Costs and attorneys' fees**

Under 17 U.S.C. § 505, the district court may also award costs and reasonable attorneys' fees.  Star Fabrics seeks $56 in costs and $1,225 in attorneys' fees.

The Central District Local Rules provide a schedule for an attorneys'-fees award in default judgments.  L.R. 55-3.  The court may award a greater amount if the court determines that the amount is reasonable.  *Id.*

The schedule provides that, for a $4,500 default-judgment award, the plaintiff is entitled to $300 plus 10 percent of the amount over $1,000.  *See* L.R. 55-3.  Here, that calculation yields $650 in attorneys' fees.  Since Star Fabrics has not presented any supporting documentation regarding its attorneys' fees or otherwise supported its request for a greater fee amount, the Court awards $650.00 in reasonable attorneys' fees as well as $56.00 in costs.

/ / /

**E.      Claims against MJC Connection and Touch Me Fashion**

As discussed above, the Court finds that Star Fabrics's copyright-infringement allegations against Touch Me Fashion do not support entry of default judgment.  Any amendment Star Fabrics's Complaint would be futile, as Star Fabrics cannot change the dissimilarity between the fabrics at issue no matter how much additional argument it includes.  The Court therefore **DISMISSES** Star Fabrics's claims against Touch Me Fashion **WITH PREJUDICE**.

**V.      CONCLUSION**

For the reasons discussed above, the Court **GRANTS IN PART** Star Fabric's Motion for Default Judgment against Defendant DKJY, Inc. and awards Star Fabrics a total amount of $5,206.00.  (ECF No. 18.)  The Court also **DENIES IN PART** Star Fabric's Motion for Default Judgment against DKJY and **DENIES** the Motion for Default Judgment against Touch Me Fashion, Inc.  (ECF No. 24.)  Finally, the Court **DENIES AS MOOT** the Motion with respect to MJC Connection, Inc. (ECF No. 19.) A default judgment against DKJY, Inc. will issue.

**IT IS SO ORDERED.**

January 9, 2014

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

14